IN THE CIRCUIT COURT OF LASALLE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

13TH JUDICIAL CIRCUIT
LA SALLE COUNTY

F
I
L
E
D

MAY 25 2017

*Guy Vaccaro*
CIRCUIT CLERK

F
I
L
E
D

| | |
|---|---|
| WILLIAM M. WALL, as Special Administrator of the Estate of Dorothy A. Wall,      Plaintiff | ) ) ) ) ) |
| v. | ) ) |
| DOMNICK CUNNINGHAM & WHALEN,      Defendant | ) ) ) ) |
| ADDUS HEALTHCARE and ALTERNATIVES FOR OLDER ADULTS,      Respondents in Discovery | ) ) ) ) |

Case No. *2017 - L - 78*

## COMPLAINT FOR ATTORNEY MALPRACTICE (JURY DEMAND)

NOW COMES the Plaintiff William M. Wall, as Special Administrator of the Estate of Dorothy A. Wall, by and through his attorney John M. O'Toole of O'Toole Law Firm, LLC, and files this COMPLAINT against DOMNICK CUNNINGHAM & WHALEN (formerly known as Domnick and Shevin PL), and states as follows:

1.    This is an action for attorney's malpractice.

2.    Plaintiff, William M. Wall as Special Administrator of the estate of Dorothy A. Wall, is an individual and resident of Logan County, Illinois, and a citizen of the state of Illinois.

3.    Defendant, Dominick Cunningham & Whalen, formerly Domnick and Shevin PL, is and was doing business at all relevant times in LaSalle County, Illinois, and is believed to be a resident of Palm Beach County, Florida.

1

EXHIBIT A

4.     The negligent medical, nursing and/or home healthcare acts or omissions complained of herein occurred in LaSalle County, Illinois.

5.     Jurisdiction is proper under the Illinois Long-Arm Statute, 735 ILCS 5/2-209(2).

6.     Venue in LaSalle County, Illinois is proper because this where the negligent medical, nursing, and/or home healthcare services of Dorothy Wall occurred.

5.     On April 18, 2014 Dorothy A. Wall died because of negligence on the part of Addus HealthCare, Alternatives For Older Adults (hereafter "AFOA"), and, possibly others.

6.     On or before July 15, 2014, Plaintiff was contacted by Defendant to represent him in his negligence claim against Addus Healthcare, Inc. et. al.

7.     Defendant undertook the representation of Plaintiff and entered into an agreement whereby an attorney-client and/or fiduciary principal-agent relationship was created – see Exhibit PLT001.

8.     At all times relevant herein, Defendant had a duty to possess and use the knowledge, skill, and care ordinarily used by a reasonably careful attorney in the course of the representation, to act in accord with the Illinois Rules of Professional Conduct, and to represent Plaintiff in the action above referenced in a timely, nonnegligent, responsible, competent, and zealous fashion.

9.     Notwithstanding his duty to Plaintiff, breached the standard of care and duty to Plaintiff and committed one or more of the following negligent acts or omissions as set forth in the factual backdrop as follows:

(1)     Dorothy Wall (hereafter "Dorothy" was admitted to the Illinois Valley Community Hospital (hereafter "IVCH" in September of 2011 following an alleged report of

2

neglect/abuse to Alternatives For Older Adults ("AFOA") – an organization who provides care management and looks to expand care options. Dorothy was then discharged to Addus Healthcare (hereafter "AHC") who, among other things, provides in home care.

(2)     Dorothy was admitted again to IVCH in December of 2012 for dehydration, abrasions and sores. Neglect was reported to AFOA.

(3)     AFOA had a duty to report signs of abuse under the Elder Abuse and Neglect Act, 320 ILCS 20/1 et. seq

(4)     AHC had a duty under the Illinois Nursing Home Care Act (hereafter "NHCA"), 210 ILCS 45/3-601, which states that "The owner and licensee are liable to a resident for any intentional or negligent act or omission of their agents or employees which injures the resident."

(5)     Both AFOA and AHC breached their duty of care by not reporting elder abuse and causing injury to Dorothy.

(6)     The damages suffered by Dorothy were as stated in subparagraphs (1) and (2).

(7)     The damages suffered by Dorothy were directly and proximately caused by AFOA and AHC.

(8)     In the partial and incomplete Contract For Services entered into by Defendant and Plaintiff, it is stated that "I, the undersigned client, do hereby retain and employ DOMNICK LAW PL as my attorneys to represent me in my claim against Addus Health, Inc., Alternatives for Older Adults, or any other person, firm or corporation liable for Nursing Home Neglect, which occurred on April 18, 2014 and resulted in serious injuries and the wrongful death of DOROTHY WALL." Exhibit PLT001.

(9)     It is believed that Defendant did no, or very limited, investigation to ascertain liability on the part of AFOA and AHC.

(10)    Had Defendant conducted a thorough investigation, they would have uncovered the neglect and abuse mentioned in subparagraphs in (1) and (2) above.

(11)    Defendant had a duty to file suit within 2 years of the date of injury.

3

(12)     Defendant should have filed suit by December of 2014, and, since they didn't do so, they are in violation of the NHCA statute of limitations which is two (2) years.

(13)     In addition, Dorothy was admitted to IVCH April 16, 2014 after having been found by a family member in her hospital bed at home and was not breathing. Dorothy was dehydrated as evidenced by hypernatremia with a sodium level of 151. When Dorothy was admitted to IVCH, she was suffering from urosepsis. She was noted as having black decubitus pressure ulcer stage IV (left arm, left elbow, left thigh, deep with irregular borders, right heel buttock which is foul smelling, and smaller black lesions in the right ear pinna and left shoulder.

(14)     Dorothy, just prior to her admittance to IVCH, was under the care and supervision of AHC.

(15)     As a provider to nursing home services, AHC had a duty to abide by the NHCA.

(16)     By not attending to the care of Dorothy, AHC allowed Dorothy to be found in the condition that she was by a family member and resultantly breached NHCA 210 ILCS 45/3-601.

(17)     It is believed that had Defendant done an investigation, he would have found AHC to be a negligent party and filed suit for negligence within the required timeframe or by April 16, 2016.

(18)     Instead of filing suit within 2 years as required under the NHCA, Defendant withdrew from the case on February 18, 2016, see Exhibit PLT002.

(19)     By withdrawing from the case on February 18, 2016, Defendant did not allow Plaintiff sufficient time to hire another attorney and provide enough time to do a proper investigation.

(20)     In addition to not filing suit under the NHCA within the prescribed statutory timeframe, Defendant did not allow Plaintiff to pursue a remedy under the Illinois Wrongful Death Act or, 740 ILCS 180/0.01 which allows the decedent's "next of kin" via the appointment of a special administrator to recover for grief, sorrow and mental suffering.

(21)     Defendant had to have been aware of the condition that Dorothy was in when she was admitted to IVCH, if not, he should have been had he done any investigation.

4

(22)    Defendant had almost 2 years to investigate regarding Dorothy's admittance on and prior to April 16, 2014 but apparently didn't do so.

(23)    But for Defendant's apparent dereliction in not thoroughly investigating the facts and circumstances surrounding the improper care rendered to Dorothy, the Defendant effectively let the 2-year statute of limitation to run thereby barring any further recovery for Plaintiffs by both December of 1014, and, in April of 2016.

(24)    Defendant's inaction was the direct and proximate cause that barred or or foreclosed any recovery to Plaintiff and is what caused their damages.

10.    As a direct and proximate result of Defendant's careless and negligent acts or omissions, Plaintiff was denied his right to negligence damages against the caregivers as well as wrongful death damages.

11.    Both AFOA and AHC are large, multi-location organizations, are assumed to have at least $2 Million in liability limits. The true amount will be determined during discovery.

12.    But for Defendant's careless and negligent act or omissions, Plaintiff would have received the sum of $2,000,000, or more, and was caused to incur an undetermined amount of costs.

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendant for an amount of $2,000,000 or more, for costs of suit, and for such other and further relied as the Court may deem just and proper.

Plaintiff demands trial by jury of all issues in this case.

Submitted By: _____

John M. O'Toole, Attorney for Plaintiff

John M. O'Toole
Attorney No.:      6199003
Firm:              O'Toole Law Firm, LLC
Address:           35 E. Wacker Dr., Suite 650, Chicago, IL 60601
Office Phone:      (312) 546-5057
Cell Phone:        (312)560-8981
FAX:               (312)546-5123
E-Mail:            john@otoolelaw.net



**Exhibit PLT001**

Wall v. Domnick et. al.

**Contract for Services**

# DOMNICK & SHEVIN PL

ACallForJustice.com

11701 Lake Victoria Gardens Ave., Suite 3201
Palm Beach Gardens, FL 33410
Tel: 561.630.5363      Fax: 561.630.5654
Toll free: 877.471.7619
Email: info@ncallforjustice.com

VIA EMAIL bill.wall@fabickcat.com

July 16, 2014

Mr. William Wall
6621 First East Street
PO Box 148
Logan, IL 62856

RE:    Wall, Dorothy E/O vs. Addus Healthcare, Inc., et al
       Our File No.:  14-122

Dear Mr. Wall:

Enclosed please find copies of the fully executed Contract for Services (contingency fee contract), Statement of Client's Rights, Consent to Referral of Case, and Claimant/Client Limited Waiver of Constitutional Right to Fair Compensation. Please keep these documents in your records concerning this case. The original contracts are kept safely in our office.

Let me take this opportunity to thank you for selecting us to represent you in this serious matter. We at Domnick & Shevin, P.L., consider it an honor and privilege to be chosen as your attorneys.

Most people who become involved in serious legal matters have relatively little experience with our court system. Therefore, we have prepared instructions which will hopefully be of assistance to you throughout your case. Please take time to familiarize yourself with the instructions and follow them carefully. Your full cooperation is essential to the success of your case.

You may be assured that we will keep you continuously advised of the progress of your case and of all significant developments as they occur. Please also keep us advised of any changes in your own circumstances which could affect your lawsuit. Where possible, such communications should be in writing to provide a permanent and accurate record for our files. Keeping written notes of anything that may be significant to your claim and any loss, injury, or damage you have suffered is also very important. Details which you may think will never forget often fade in your memory during delays that are an ordinary part of the legal process.

We have begun our initial investigation in preparation of your case. At this time, we would like to have copies of various documents from you:

1. Driver's License;
2. Social Security Card;
3. Health Insurance Card;
4. Disability Insurance Card – if applicable;
5. Marriage Certificate – if applicable;

FILE NO.:  14-122
STYLE:  DOROTHY WALL E/O vs. ADDUS HEALTHCARE, INC., ET AL

# CONTRACT FOR SERVICES
### Form A
### (SLIDING SCALE CONTINGENCY FEE)

I, the undersigned client, do hereby retain and employ *DOMNICK LAW PL* as my attorneys to represent me in my claim against Addus Healthcare, Inc., Alternatives for the Older Adult, or any other person, firm or corporation liable for Nursing Home Neglect, which occurred on or about April 18, 2014, and resulted in serious injuries and the wrongful death of DOROTHY WALL.

In consideration of the foregoing, I agree as follows:

1.      This employment is upon a contingent fee basis, and if no recovery is made, I will not be indebted to my attorneys for any sum whatsoever as attorney fees.

2.      As compensation for the services of *DOMNICK LAW PL*, I agree to pay my attorneys the amount of money awarded by the Court, or from the proceeds of any recovery, the following fee, whichever is greater:

a.      33 1/3% of any recovery up to the first One Million Dollars ($1,000,000.00) to the time of filing an Answer or the demand for the appointment of arbitrators; plus

30% of any portion of the recovery between One Million Dollars and Two Million Dollars ($1,000,000.00 and $2,000,000.00); plus

20% of any portion of the recovery exceeding Two Million Dollars ($2,000,000.00).

b.      40% of any recovery up to the first One Million Dollars ($1,000,000.00) after the time of filing an Answer or the demand for the appointment of arbitrators; plus

30% of any portion of the recovery between One Million Dollars and Two Million Dollars ($1,000,000.00 and $2,000,000.00); plus

20% of any portion of the recovery in excess of Two Million Dollars ($2,000,000.00).

3.      In the unlikely event all Defendants admit liability at the time of filing an answer and request a trial only on damages, the percentages described in paragraph two (2) will be as follows:

a.      33 1/3% of any recovery up to the first One Million Dollars ($1,000,000.00) from the Defendants through trial; plus

**ATTORNEY/CLIENT PRIVILEGED INFORMATION**

(1- client initials)

(2- client initials)

b.    20% of any portion of the recovery from the Defendants between One Million Dollars and Two Million Dollars ($1,000,000.00 - $2,000,000.00); plus

c.    15% of any portion of the recovery from the Defendants in excess of Two Million Dollars ($2,000,000.00).

4.    I agree to pay costs incurred by *DOMNICK LAW PL* for investigating and/or prosecuting this case out of any recovery I receive. Costs will be deducted from any recovery after deducting attorney fees and before any other distribution. Filing fees, transcription, in-house costs and services, and all specialized services provided through outside sources (for example – paralegal services, investigative services, accounting services, courier, services, nursing and medical consulting services, travel services, technology services, and printing services) will be charged to your case based upon the actual or estimated expense incurred by *DOMNICK LAW PL* in providing such items.

a.    If *DOMNICK LAW PL* withdraws from my case, I agree to pay *DOMNICK LAW PL* their costs incurred during their representation if I make a recovery;

b.    If, however, I discharge *DOMNICK LAW PL* during the pendency of this case, I agree any outstanding costs incurred by the firm up to the time of discharge will become due and payable at that time regardless of recovery;

c.    If I never make a recovery, I do not owe *DOMNICK LAW PL* any costs except as described in paragraph 4(b);

d.    *DOMNICK LAW PL* is authorized, on my behalf, to execute any and all documents, including pleadings, stipulations and agreements, as it may become necessary to investigate, evaluate and prosecute my claim;

e.    I authorize *DOMNICK LAW PL* to retain at my expense and employ on my behalf and in my name the services of any accountant, consultant, physician or other expert or investigator *DOMNICK LAW PL* deems, in its discretion, necessary to investigate, evaluate and prosecute my claim; and

f.    To take any other such steps as it deems, in its discretion, necessary to investigate, evaluate and prosecute my claim.


(1- client initials)

**ATTORNEY/CLIENT PRIVILEGED INFORMATION**

(2- client initials)

g.     Under some circumstances, such as in cases where a particular law or contract provision permits or requires an award of fees and costs to the prevailing party, I may be held responsible for some or all of the costs and fees incurred by my opponent.

5.     *DOMNICK LAW PL* shall be entitled to an additional fee of five percent (5%) of any recovery, regardless of the total amount of that recovery, in each of the following circumstances:

a.     During any stage of court or arbitration proceedings, any party initiates appellate proceedings  for any relief sought from any court of review, whether by direct or interlocutory appeal, motion, original proceedings, or otherwise which would require the performance of appellate legal services; and/or

b.     Following a judgment entered either as a result of Court or arbitration proceedings, additional proceedings (such as garnishment, attachment or supplementary proceedings) are brought by or at the direction of *DOMNICK LAW PL* in an effort to collect on any judgment;

c.     If either of the events described in paragraphs 5(a) and/or 5(b) of this contract occur, I authorize *DOMNICK LAW PL* to render the additional services on my behalf or to employ a separate and independent law firm or specialist on my behalf to perform the services for the five percent (5%) additional fee.  Nothing contained in this contract is intended to impose an obligation upon *DOMNICK LAW PL* to undertake any post judgment or appellate attorney responsibilities, but rather to provide for additional compensation if *DOMNICK LAW PL* elects to do so.

6.     In the event that one of the parties responsible to pay my claim for damages is a governmental agency, I understand that Federal and Florida Law may limit the amount of attorney fees charged by *DOMNICK LAW PL*.  In that event, I understand that the attorney fees owed to *DOMNICK LAW PL* shall be the amount provided by law, the Rules Regulating the Florida Bar, or the maximum amount allowed by section 768.28(8), Florida Statutes, whichever is greater.

7.     Should I elect to accept a settlement at any stage of the proceedings that includes structured or annuity payments, my attorney fees shall be based on the cost of this structured settlement or on the present money value of the total settlement, whichever is less.  If the cost is unknown, my attorney fees shall be based on the present money value of the total settlement.



(1- client initials)

**ATTORNEY/CLIENT PRIVILEGED INFORMATION**

(2- client initials)

8.      In the event that fees are recovered in this action from any adverse party, this contract is not to be construed in any way as a limitation on the maximum reasonable fee to be awarded to my attorneys by the Court. Any fees awarded by the Court will be credited against the sums due from me. Any excess awarded by the Court would be retained by my attorneys.

9.      I authorize my attorneys to pay out of the proceeds of any recovery all unpaid hospital bills or medical bills for which I may be indebted as a result of this incident which is the subject matter of this contract and any other sums that I have authorized my attorneys to pay out of the recovery other than unpaid hospital bills and/or medical bills.

10.     In cases involving a claim for wrongful death or injury to a minor child, the law may require that a probate or guardianship proceeding be instituted. Legal services for probate and guardianship proceedings are not included within the terms of this contingency contract. If necessary, such services may be arranged and billed for separately.

11.     Unless expressly stated to the contrary, the law firm's responsibility is limited solely to providing legal services directly related to civil litigation and does not include advice or service with respect to other areas such as, but not limited to, workers compensation, taxation, probate, bankruptcy, real estate, and the like.

12.     The undersigned client has, before signing this contract, received and read The Statement of Client's Rights, and understands each of the rights set forth therein. The undersigned client has signed the Statement and received a signed copy to keep to refer to while being represented by the undersigned attorneys.

13.     Before any case related funds are disbursed, the Client acknowledges and understands that a release of lienor's claim, including but not limited to, Medicare and/or Medicaid and/or ERISA, for reimbursement of past and/or future medical payments may be required. The Client acknowledges and understands that in the event the law firm determines that the resolution of such liens or claims has exceeded or likely to exceed the usual and customary services provided by attorneys regularly engaged in the resolution of personal injury and wrongful death actions, the law firm may hire outside specialists to help resolve and litigate if necessary these claims. These costs will be a case expense, not a part of the law firm's attorney's fee. The Client acknowledges, understands, and agrees that if such costs and fees are incurred, the costs and fees will be paid from the Client's net recovery, not from the law firm's fee.

## ATTORNEY/CLIENT PRIVILEGED INFORMATION

14.     This contract may be canceled by written notification to the attorneys at any time within three (3) business days of the date the contract was signed, as shown below, and, if canceled, the client shall not be obligated to pay any fees to the attorneys for the work performed during that time. If the attorneys have advanced funds to others in representation of the client, the attorneys are entitled to be reimbursed for such amounts as have been reasonably advanced on behalf of the client.

Dated this _____ day of _____, 20_____.

_____          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
Client (1) -                                              Social Security No.

_____  Dorothy Wall  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
Client (2) -                                              Social Security No.

The above employment is hereby accepted upon the terms stated therein.

_____          _____
Date

ATTORNEY/CLIENT PRIVILEGED INFORMATION

FILE NO.:      14-122
STYLE:         DOROTHY WALL E/O vs. ADDUS HEALTHCARE, INC., ET AL

# STATEMENT OF CLIENT'S RIGHTS

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this Statement of your rights as a client. This Statement is not a part of the actual contract between you and your lawyer, but as a prospective client, you should be aware of these rights:

1.      There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer, you may talk with other lawyers.

2.      . Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after three (3) day period, you may have to pay a fee for work the lawyer has done.

3.      Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4.      Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5.      If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interest and is legally responsible for the acts of the other lawyers involved in the case.

6.      You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

W N
(1- client Initials)

**ATTORNEY/CLIENT PRIVILEGED INFORMATION**

(2- client Initials)

7.      You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs, and liability you might have for attorneys' fees, costs and expenses to the other side.

8.      You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without any appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9.      You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10.     You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11.     If at any time, you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

_____        _____
Date                           Client (1) :

_____        _____
Date                           Client (2) -

_____        _____
Date                           *DOMNICK LAW PL*

**ATTORNEY/CLIENT PRIVILEGED INFORMATION**

**Exhibit PLT002**
Wall v. Domnick et. al.
**Withdrawal Letter**

# Domnick Cunningham & Whalen
## ATTORNEYS

SEAN C. DOMNICK *
FRED A. CUNNINGHAM*
JEANMARIE WHALEN †

*Board Certified as a Civil Trial Lawyer
by the Florida Bar
†Also Admitted in New York, Connecticut
††Also Admitted in District of Columbia

GREGORY YAFFA
MICHAEL J. BREVDA

JONATHAN CHANE ††
THOMAS J. CHAPMAN
M. NICOLE KRUEGEL
CLINTON LEWIS
JENNIFER M. LIPINSKI
DAVID J. WHITE

February 18, 2016

*Sent via FedEx w/ CD Enclosure*
Bill and Tina Wall
6621 First East St.
Logan, IL 62856

Re:     Potential Claim

Dear Mr. and Mrs. Wall:

We appreciate your considering this law firm, formerly known as Domnick Law, and the following firms: (1) Levin & Perconti, 325 N. LaSalle St. # 450, Chicago, Illinois 60654, (2) Salvi, Schostok & Pritchard, 22 W. Washington St. # 1600, Chicago, Illinois 60602 and (3) Rosenfeld Injury Lawyers, 33 N. Dearborn St. # 1930 Chicago, Illinois 60602, to help you with the matters about which you recently contacted us, and we regret that we are unable to accept the responsibility for your representation at this time. Our desire to provide the highest quality representation to our clients requires that we carefully limit both the areas of our practice and the number of clients we accept within our area of specialization.

While we are unable to help you with your present needs, we hope that you would consider us again if you or members of your family are seeking legal help in the future. Even if the problem is outside our specialty, we would be pleased to help direct you to other lawyers with the expertise to assist you.

Concerning your present situation, you should not delay in contacting another lawyer. Delay can result in the loss of important legal rights. Our decision concerning your representation does not mean that your position lacks legal merit, and someone else may be able to provide the help you need.

Sincerely,

*Sorry we could not be of more assistance, wishing you both Best of Luck!*

THOMAS J. CHAPMAN
TJC/afa

(90) General Summons

GENSUMN(12/96)

## UNITED STATES OF AMERICA

**STATE OF ILLINOIS**        **COUNTY OF LASALLE**
**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**

William Well, as Special Administrator
of the Estate of Dorothy A. Well

vs.

Alternatives For the Older Adult
200 W. St. Paul Street
Spring Valley, IL 61362
(Respondent in Discovery)

Case No. 2017-L-78

PW
# 1276
2:00 pm
6/20/17

## SUMMONS

### TO THE DEFENDANT:

**YOU ARE HEREBY SUMMONED** and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court, Room 201, 119 W. Madison Street, Ottawa, Illinois, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

### TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Witness, 6-24-17.

_____
Greg Vaccaro
Clerk of Court
(Seal of Court)

Name John M. O'Toole
Attorney for William Well
Address 35 East Wacker Drive, Suite 650
City Chicago
Telephone (312) 546-5057

Date of Service_____, _____
(To be inserted by officer on copy left with defendant or other person)

## LASALLE COUNTY CIRCUIT CLERK
## OTTAWA, ILLINOIS 61350

GENSUMN(12/96)

# SHERIFF'S FEES

Service and return.......................................... $ _____

Miles_____ ............................................... _____

Total............................................................... $ _____


_____

Sheriff of _____County

I certify that I served this summons on defendants as follows:

**(Check appropriate box, and complete information below)**

☐ (a)--Individual defendants--personal):
By leaving a copy and a copy of the complaint with each individual defendant personally.

☐ (b)--(Individual defendants--abode):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of the family or a person residing there, of the age 13 years or upwards, informing that person of the contents and also by sending a copy of the summons in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode.

☐ (c)--(Corporation defendants):
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation.

☐ (d)--(Other service):


Name of Defendant_____     Name of Defendant _____

Name of Person                               Name of Person
Summons Given to_____       Summons Given to _____

Sex_____ Race_____ Approx. Age_____    Sex_____ Race_____ Approx. Age_____

Place of Service_____        Place of Service_____

_____        _____

_____        _____

Date of Service_____ Time_____    Date of Service_____ Time_____

Date of Mailing_____         Date of Mailing_____

(90) General Summons                                                      GENSUMN(12/96)

## UNITED STATES OF AMERICA

**STATE OF ILLINOIS**                              **COUNTY OF LASALLE**
**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**

*William Wall, as Special Administrator*
*of the Estate of Dorothy A Wall*

vs.

*Addus Healthcare*
*221 W. Etna Rd.*
*Ottawa, IL 61350*
*(Respondent in Discovery)*

Case No. *17 - L - 18*

## SUMMONS

**TO THE DEFENDANT:**

**YOU ARE HEREBY SUMMONED** and required to file an answer in this case, or otherwise file your
appearance, in the office of the clerk of this court, Room 201, 119 W. Madison Street, Ottawa, Illinois,
within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO,
A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF
ASKED IN THE COMPLAINT.

**TO THE OFFICER:**

This summons must be returned by the officer or other person to whom it was given for service, with
endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons
shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Witness, *5-24-17*

*Greg Vaccaro*
Clerk of Court
(Seal of Court)

Name *John M. O'Toole*
Attorney for *William Wall*
Address *35 East Wacker Drive, Suite 650*
City *Chicago*
Telephone *(312) 546-3057*

Date of Service _____, _____
(To be inserted by officer on copy left with defendant or other person)

## LASALLE COUNTY CIRCUIT CLERK
## OTTAWA, ILLINOIS 61350

GENSUMN(12/96)

## SHERIFF'S FEES

Service and return....................................... $_____

Miles_____ ....................................... _____

Total............................................................ $_____

_____

Sheriff of _____County

I certify that I served this summons on defendants as follows:

(Check appropriate box, and complete information below)

☐ (a)--Individual defendants--personal):
    By leaving a copy and a copy of the complaint with each individual defendant personally.

☐ (b)--(Individual defendants--abode):
    By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of the family or a person residing there, of the age 13 years or upwards, informing that person of the contents and also by sending a copy of the summons in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode.

☐ (c)--(Corporation defendants):
    By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation.

☐ (d)--(Other service):

Name of Defendant_____

Name of Person
Summons Given to_____

Sex_____ Race_____ Approx. Age_____

Place of Service_____

_____

_____

Date of Service_____ Time_____

Date of Mailing _____

Name of Defendant _____

Name of Person
Summons Given to _____

Sex_____ Race_____ Approx. Age_____

Place of Service_____

_____

_____

Date of Service _____ Time_____

Date of Mailing_____

Date: _12 / 5 / 16_

Attorney Name: _Thomas Chapman_

Are you aware of an actual or alleged act, omission, circumstance or breach of duty that a reasonable attorney would recognize might reasonably be expected to result in a claim for legal malpractice being made against the firm, any predecessor firm, or against any attorney currently or formerly affiliated with the firm or any predecessor firm, regardless of whether any such claim would be meritorious?

Please circle one:

YES      (NO)

If yes, please explain in detail:

_____

_____

_____

_____

_____

_____

Attorney Signature: _____

# Declarations

## Primary Lawyers Professional Liability Insurance Policy

NOTICE: THIS IS A CLAIMS-MADE POLICY. EXCEPT AS OTHERWISE PROVIDED HEREIN, COVERAGE IS LIMITED TO LIABILITY FOR ONLY THOSE CLAIMS THAT ARE FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD OR EXTENDED REPORTING PERIOD AND REPORTED TO THE COMPANY PURSUANT TO THE TERMS HEREIN.

**Insured by the Stock Company below and hereinafter called the company.**

**New York Marine and General Insurance Company**
**59 Maiden Lane**
**27th Floor**
**New York, NY 10038-4647**

**POLICY NUMBER:** PL2017LPL90145      **RENEWAL OF POLICY NUMBER:** PL2016LPL90145

**Item 1.** Named Insured and Address
(Number, Street, Town or City, County, State, Zip Code)

**Domnick Cunningham & Whalen, PLLC**
**2401 PGA Blvd., Suite 140**
**Palm Beach Gardens, FL 33410**

Producer Name
**ProQuest, A Division of Alliant**

**Item 2.** Policy Period

| Inception Date (M/D/Y): | Expiration Date (M/D/Y): | 12:01 A.M. Standard Time at the address of the Named Insured as stated herein. |
|---|---|---|
| January 1, 2017 | January 1, 2018 | |

**Item 3.** Form of Named Insured's Business

Insured is   ☐ Individual   ☐ Partnership   ☐ Corporation
☒ Other

**Item 4.** Limits of Liability

$5,000,000      Each Claim

$5,000,000      Aggregate

☒ a. **Claim expenses are included within the limits of liability.**
☐ b. **Claim expenses are payable in addition to the limits of liability.**

**Item 5.** Deductible
$20,000      Per Aggregate
☐ a. **The deductible amount specified above applies only to damages.**
☒ b. **The deductible amount specified above applies to both damages and claim expenses.**

**Item 6.** Annual Premium

     $46,293

**Item 7.** Forms and Endorsements attached at Issue
**Schedule of Forms and Endorsements PL 1000 0910**

By acceptance of this policy the Insured agrees that the statements in the Declarations and the Application and any attachments hereto are the Insured's agreements and representations and that this policy embodies all agreements existing between the Insured and the Company or any of its representatives relating to this insurance.

| Policy Holder Questions or Complaints- | Countersigned (as required) | Countersign Date |
|---|---|---|
| 1-800-774-2755 | | |
| | | Issue Date<br>January 13, 2017 |

PL 1002 0910

# <u>Schedule of Forms and Endorsements</u>

Listed below are all of the Forms and Endorsements attached to the policy at issuance:

| <u>Title</u> | <u>Form Number and Edition Date</u> |
|---|---|
| Declarations Page | PL 1002 0910 |
| Signature Page | IL 0001 0910 |
| Claims Reporting Notice | IL 0004 1110 |
| Primary Lawyers Professional Liability Policy | PL 1001 0910 |
| Amendatory Endorsement | PL 4000 FL 1212 |
| Table of Contents | PL 5000 FL 1212 |
| Annual Aggregate Deductible Endorsement | PL 1029 0712 |
| Additional Insured Endorsement | PL 1017 0910 |
| Individual Prior Acts Extension | PL 1007 0910 |

Named Insured: Domnick Cunningham & Whalen, PLLC
Policy #:       PL2017LPL90145
Policy Period:  January 1, 2017 to January 1, 2018



PL 1000 0910

## **SIGNATURE PAGE**

In witness whereof, New York Marine Insurance Company, has caused this policy to be signed by its president and secretary.

_____
President

_____
Secretary

---

Named Insured: Domnick Cunningham & Whalen, PLLC
Policy:            PL2017LPL90145
Policy Period:   January 1, 2017 to January 1, 2018



IL 0001 0910

# CLAIMS REPORTING NOTICE

Losses, claims, suits or incidents that could reasonably be expected to be the basis of a claim should be reported immediately to the Insurer via mail, fax or email as detailed below.

It is important to note that this notice does not replace or amend Section IX. Conditions B. of the certificate which more fully describes the Insured's requirement to assist and cooperate in the event of a claim or suit.

US MAIL

ProSight Specialty Management Company
Attn: CLAIMS DEPARTMENT
412 Mt. Kemble Ave. – Suite 300C
Morristown, NJ 07960

EMAIL ADDRESS

claims@prosightspecialty.com

FAX

1-800-326-2864

NOTE THAT ALL CORRESPONDENCE SHOULD INCLUDE THE NAMED INSURED AS LISTED ON THE CERTIFICATE DECLARATIONS PAGE AND THE CERTIFICATE NUMBER.

IL 0004 1110
CLAIMS REPORTING NOTICE
New York Marine and General Insurance Company

# FLORIDA AMENDATORY ENDORSEMENT

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
## LAWYERS PROFESSIONAL LIABILITY INSURANCE

It is hereby understood and agreed that the policy is amended as follows:

(1) Paragraph **K. Cancellation** in Section **IX. CONDITIONS** is deleted in its entirety and replaced by the following:

**K. Cancellation:** This insurance may be canceled by the **Named Insured** at any time by written notice or by surrender of this insurance policy to the Company or its authorized representative and the Company shall refund the paid premium less the earned portion thereof within thirty (30) days of the later of the effective date of the cancellation or the date of delivery of the **Insured's** notice of intent to cancel. The earned portion of the premium shall be computed on the customary short-rate basis; however, the return premium will not be less than 90% of the pro rata unearned premium. This insurance may also be canceled by the Company, or by its authorized representative on its behalf, by sending to all **Named Insured(s)**, by first class, registered or certified mail, at the **Named Insured(s)** address last known to the Company or its authorized agent, not less than ninety (90) days written notice stating the specific reason for such cancellation and when the cancellation shall be effective. In such case the Company shall refund the paid premium less the earned portion thereof within ten (10) business days after the effective date of cancellation. In case of non-payment of premium only thirty (30) days written notice of cancellation, including the reason, must be given by the Company. Proof of mailing will be sufficient proof of notice.

If this policy has been effect for 90 days or more, cancellation by the Company shall only be effective if based on one or more of the following reasons:

1. Nonpayment of premium;
2. Discovery of a material misstatement;
3. Failure to comply with underwriting requirements established by the Company within 90 days of the date of effectuation of coverage;
4. The risk originally accepted has measurably increased; or
5. Cancellation is for all Insureds under such policies for a given class of Insureds.

Named Insured: Domnick Cunningham & Whalen, PLLC
Policy #:        PL2017LPL90145
Policy Period:   January 1, 2017 to January 1, 2018

PL 4000 FL 1212

**New York Marine and General Insurance Company**



(2) The following is added to Section **IX. CONDITIONS:**

**Company Contact Information**

If a **Named Insured** needs to inquire or obtain information about his or her coverage or needs to contact the Company to get assistance in resolving a complaint, the Company can be reached at 1-800-774-2755.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

Named Insured: Domnick Cunningham & Whalen, PLLC
Policy #:        PL2017LPL90145
Policy Period:   January 1, 2017 to January 1, 2018

PL 4000 FL 1212

**New York Marine and General Insurance Company**



**NEW YORK MARINE AND GENERAL INSURANCE COMPANY**
**PRIMARY LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY**

## TABLE OF CONTENTS

| **SECTION** | | **PAGE** |
|---|---|---|
| I. | COVERAGE | 1 |
| II. | PERSONS INSURED | 2 |
| III. | LIMIT OF LIABILITY | 2 |
| IV. | POLICY TERRITORY | 3 |
| V. | WHEN A CLAIM IS DEEMED AS FIRST MADE | 3 |
| VI. | SUPPLEMENTARY PAYMENTS | 3 |
| VII. | EXCLUSIONS | 4 |
| VIII. | DEFINITIONS | 5 |
| IX. | CONDITIONS | 7 |
| | A. Premium | 7 |
| | B. Assistance and Cooperation of Insured in Event of Claim or Suit | 7 |
| | C. Waiver of Exclusion and Breach of Conditions | 7 |
| | D. Assignment | 7 |
| | E. Legal Action Against the Company | 8 |
| | F. Conformity to Statute | 8 |
| | G. Other Insurance | 8 |
| | H. Subrogation | 8 |
| | I. Changes | 8 |
| | J. Bankruptcy or Insolvency of Insured | 8 |
| | K. Cancellation | 8 |
| | L. Nonrenewal | 9 |
| | M. Renewal Rate Increase or Change in Policy Terms | 9 |
| | N. Declarations and Applications | 9 |
| | O. Extended Reporting Period Option | 9 |
| | P. Reimbursement | 12 |
| | Q. Liberalization Clause | 12 |



# ADDITIONAL INSURED ENDORSEMENT

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
## LAWYERS PROFESSIONAL LIABILITY INSURANCE

In consideration of the premium charged, the following entity(ies) is (are) included as an additional **Insured**, but only as respects **Claims** arising solely out of any act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** by any individual or entity defined as an **Insured** by the policy:

### ADDITIONAL INSURED

Fred A. Cunningham, P.A.
Jeanmarie Whalen, P.A.
Sean C. Domnick, PLLC

## ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Named Insured: Domnick Cunningham & Whalen, PLLC
Policy #:      PL2017LPL90145
Policy Period: January 1, 2017 to January 1, 2018

PL 1017 0910

**New York Marine and General Insurance Company**

# AGGREGATE DEDUCTIBLE ENDORSEMENT

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

In consideration of the premium charged, Item 5. of the Declarations is deleted in its entirety and replaced by:

5.    Deductible

$ __20,000_____ per claim

$ __20,000_____ aggregate

☐    a.    The deductible amount specified above applies only to damages.

☒    b.    The deductible amount specified above applies to both damages and claim expenses.

The deductible amount stated above as "per **Claim**" is the total amount of the **Insured's** liability for a single **Claim** made against them during the **Policy Period**, including any **Extended Reporting Period**.

The deductible amount stated above as "aggregate" is the **Insured's** total obligation for deductible payments for all **Claims** reported during the **Policy Period**.  This aggregate deductible shall apply separate to any **Claim** or **Claims** made during any **Extended Reporting Period**, if applicable.

## ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Named Insured: Domnick Cunningham & Whalen, PLLC
Policy #:         PL2017LPL90145
Policy Period:   January 1, 2017 to January 1, 2018

PL 1029 0712
New York Marine and General Insurance Company



# GENERAL ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.
### PROFESSIONAL LIABILITY INSURANCE

Effective Date of Change:  January 01, 2017
Change Endorsement No.: **001**
Named Insured: **Domnick, Cunningham & Whalen, PLLC**

This endorsement modifies insurance provided under the following:

The following item(s):

| | | | |
|---|---|---|---|
| □ | Insured's Name | □ | Insured's Mailing Address |
| □ | Policy Number | □ | Company |
| □ | Effective/Expiration Date | □ | Insured's Legal Status/Business of Insured |
| □ | Payment Plan | □ | Premium Determination |
| □ | Additional Interested Parties | □ | Coverage Forms and Endorsements |
| □ | Limits/Exposure | □ | Self-Insured Retention |
| □ | Underlying Insurance | □ | Classification/Class Codes |
| □ | Rates | **X** | Other |

Is (are) changed to read {See Additional Page(s)}

The above amendments result in a change in the premium as follows:

**X** NO CHANGES  □ TO BE ADJUSTED  □ ADDITIONAL PREMIUM    □ RETURN PREMIUM
                AT AUDIT

### ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Named Insured: Domnick, Cunningham & Whalen, PLLC
Policy #:      PL2017LPL90145
Policy Period:  January 1, 2017 to January 1, 2018

PL 1007 0910
New York Marine & General Insurance Co.



## GENERAL ENDORSEMENT DESCRIPTION

### PRIOR ACTS EXTENSION-SPECIFIED LAWYERS AT SPECIFIED FIRMS

This endorsement modifies insurance provided under the following:

LAWYERS PROFESSIONAL LIABILITY INSURANCE COVERAGE FORM

This policy is extended to apply to acts, errors, omissions or Personal Injury(ies) in the rendering of
or failure to render Professional Services by the lawyer(s) specified below while such lawyer(s) was
(or were) associated with the previous law firm(s) specified below.

| Name(s) of Lawyer(s) | Name(s) of Previous Law Firm(s) | Term of Association with Previous Law Firm(s) |
|---|---|---|
| Richard Slawson | Slawson, Burman &Critton | 10/01/80- 04/05/93 |
| Fred Cunningham | Slawson, Burman &Critton | 01/01/92-04/05/93 |

With respect to the coverage provided by this endorsement:

1. The Company shall have no obligation to pay for Claims Expenses or Damages for any Claim
   against any above named lawyer if, prior to the date of employment of any such above-named
   lawyer by the Named Insured or a Predecessor in Business, such lawyer was aware of any act,
   error, omission or Personal Injury that might reasonably be expected to result in such Claim.

2. The coverage shall be excess over any other insurance which may provide coverage for such
   acts, errors, omissions or Personal Injury and shall apply only after the policy limit for such other
   insurance has been exhausted.

3. The lawyer(s) specified above must fully cooperate with the Company in providing notice of a
   Claim or an act, error, omission or Personal Injury(ies) under any other insurance policy.

## ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Named Insured: Domnick, Cunningham & Whalen, PLLC
Policy #:        PL2017LPL90145
Policy Period:   January 1, 2017 to January 1, 2018

PL 1007 0910
New York Marine & General Insurance Co.



**CF** **CRUM & FORSTER**

305 Madison Avenue Morristown, NJ 07962

**Policy Number**: 550-106447-4
**Renewal of Policy Number**: 550-105209-9

☒ North River Insurance Company
☐ United States Fire Insurance Company
☐

# PLATINUM MANAGEMENT PROTECTION
## Excess Liability Declarations

NOTICE: THIS IS A CLAIMS MADE POLICY. EXCEPT AS OTHERWISE PROVIDED HEREIN, THIS POLICY PROVIDES COVERAGE FOR *CLAIMS* FIRST MADE AGAINST THE *INSUREDS* DURING THE *POLICY PERIOD*. *DEFENSE COSTS* ARE INCLUDED WITHIN THE LIMIT OF LIABILITY AND REDUCE THE LIMIT OF LIABILITY FOR THIS POLICY. PLEASE READ CAREFULLY. WORDS AND PHRASES WHICH ARE PRINTED IN BOLD ITALIC TYPEFACE HAVE SPECIFIC MEANING AND ARE DEFINED IN SECTION II. OF THE POLICY.

Item 1. **Corporation**:    Domnick Cunningham & Whalen, PLLC
       **Street Address**:   2401 PGA Blvd., Suite 140
                         Palm Beach Gardens, FL 33410

Item 2. **Policy Period**: From   01/01/2017                     To   01/01/2018
                        (12:01 a.m. local time at the address given in Item 1)

Item 3. **Limit of Liability**: $5,000,000
           (Aggregate Limit of Liability including Defense Costs)

Item 4. **Premium**: $21,197

Item 5. **Pending or Prior Litigation Date**: 01/01/2016

Item 6. **The following endorsements are made a part of this policy at policy issuance**:
          MI 07 002 01 15 Signature Page
          Reliance on Another Insurance Companys Application
          LPL-EX-001 Non Follow Form Sub Limits
          MP427 102 – Amend Section I – Insuring Agreement Amend Section IV – Limits of Liability
          IL P 001 01 04 U.S Treasury Department's OFAC Advisory Notice to Policyholders

Item 7. **Schedule of Underlying Insurance**:

| | Insurer | Limit of Liability | Policy Number |
|---|---|---|---|
| A. Primary Insurer: | New York Marine and General  Insurance Company | $5,000,000 | PL2017LPL90145 |
| B. 1st Underlying Insurer | | | |
| C. 2nd Underlying Insurer | | | |

These Declarations, the application, and the policy with endorsements attached thereto, constitute the entire agreement between the *Insurer* and the *Insureds*.

Countersigned (if required by law):     _____       Date: 01/05/2017

# PLATINUM MANAGEMENT PROTECTION

## Excess Liability

In consideration of the payment of the premium, in reliance upon application attached hereto and all the information provided to the *Insurer* and subject to the Declarations, definitions, terms, conditions, limitations, representations, exclusions and endorsements herein and/or attached hereto, the *Insurer* and the *Insureds* agree as follows:

---

### Section I.    INSURING AGREEMENTS

The *Excess Insurer* shall provide the *Insured(s)* coverage for *Claims* first made during the *Policy Period* and during the Extended Reporting Period, if exercised, (1) only in excess of all *Underlying Insurance*, (2) only after all *Underlying Insurance* has been exhausted by payment of the underlying Limit of Liability by each Underlying Insurer for the Limit of Liability shown in the Schedule of *Underlying Insurance* in Item 7 of the Declarations, and (3) only if such total Limit of Liability is exhausted as a result of *Loss* resulting from *Claims*. The insurance coverage afforded herein shall apply in conformance with the definitions, terms, conditions, limitations, warranties, representations, exclusions and endorsements of the *Primary Policy* except as otherwise provided by the definitions, terms, conditions, limitations, warranties, representations, exclusions and endorsements contained in any *Underlying Insurance,* or herein.

---

### Section II.    DEFINITIONS

*Claim* means as such term is defined in the *Primary Policy*, except as amended by any *Underlying Insurance*, or herein.

*Defense Costs* (or Defense Expenses) means as such term is defined in the *Primary Policy*.

*Excess Insurer* means the company providing this insurance whose name is shown on the Declarations Page.

*Loss* means as such term is defined in the *Primary Policy*, except as amended by any *Underlying Insurance*, or herein.

*Insured* means as such term is defined in the *Primary Policy*, except as amended by any *Underlying Insurance*, or herein.

*Policy Period* means the period of time shown in Item 2 of the Declarations.

*Primary Policy* means the policy of Insurance issued by the Primary Insurer scheduled in Item 7 A of the Declarations.

*Underlying Insurance* means all policies scheduled in Item 7 of the Declarations.

---

### Section III.  APPLICATION OF UNDERLYING INSURANCE

As a condition precedent to the coverage afforded hereunder, the *Underlying Insurance* shall remain in full force and effect and unchanged (unless specifically endorsed herein) during the *Policy Period* except for reduction or exhaustion of the Limit of Liability by reason of payment of *Loss*.

In the event of bankruptcy, liquidation or insolvency of any Underlying Insurer, this policy shall not replace the *Underlying Insurance* provided by such Underlying Insurer, but shall apply in the same manner as though such *Underlying Insurance* were available and collectible. The *Insured(s)* shall be responsible for the amount of the Limit of Liability which is not paid by any such Underlying Insurer as a result of its bankruptcy, liquidation or insolvency.

## Section IV.   LIMITS OF LIABILITY

The amount shown in Item 3 of the Declarations shall be the aggregate Limit of Liability of the **Excess Insurer** for all **Loss,** inclusive of **Defense Costs**, arising from all **Claims** first made during the **Policy Period,** or during any applicable Extended Reporting Period.  **Defense Costs** shall be part of and reduce the Limit of Liability of the **Excess Insurer**.

If the Limit of Liability of the **Underlying Insurance** is depleted solely as the result of actual payment of **Loss** by the applicable Underlying Insurers, this policy shall, subject to the **Excess Insurer's** Limit of Liability and other terms of this policy, continue to apply as excess insurance over the remaining Limit of Liability of the **Underlying Insurance**.

If the Limit of Liability of the **Underlying Insurance** is exhausted solely as a result of actual payment of **Loss** by the Underlying Insurers, this policy shall apply to subsequent **Claims** subject to the remaining Limit of Liability of this policy and in accordance with the definitions, terms, conditions, limitations, warranties, representations, exclusions and endorsements of the **Primary Policy** except as otherwise provided in the definitions, terms, conditions, limitations, warranties, representations, exclusions and endorsements contained in any **Underlying Insurance**, or herein.

## Section V.   EXCLUSIONS

Notwithstanding anything to the contrary in the **Underlying Insurance,** the coverage afforded herein shall not apply to any **Claim** made against any **Insured** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:

1. any litigation, case, proceeding, demand letter, governmental investigation, or inquiry, or any investigation or inquiry into or against any **Insured** which commenced prior to or is pending at the applicable date shown in Item 5 of the Declarations;
2. any extension or amendment of such pending or prior litigation, case or proceeding; or
3. any facts, circumstances, situations, transactions, or events, which in whole or in part, are the subject of, are related to, or which have as a common nexus any such fact, circumstance, situation, transaction, or event underlying such pending or prior litigation, case or proceeding.

## Section VI.   NOTICE

A.  Notice of a **Claim** given to any **Underlying Insurer** shall not constitute notice to the **Excess Insurer**.  As a condition precedent to the coverage afforded by this policy, notice of a **Claim** must be provided to the **Excess Insurer** in accordance with the notice of **Claim** provisions in the **Primary Policy**.

B.  Written notice must be given to the **Excess Insurer** at:

    Crum & Forster
    Claims Department
    305 Madison Avenue
    Morristown, NJ 07962

C.  The corporation shall give the **Excess Insurer** written notice as soon as practicable but in no event more than thirty (30) days after:
1. cancellation of any **Underlying Insurance**;
2. the depletion or exhaustion of the Limit of Liability of any **Underlying Insurance**;
3. any additional or return premium in connection with any **Underlying Insurance**;
4. any amendments or endorsements to the **Underlying Insurance**; or
5. the insolvency, bankruptcy, conservatorship, or rehabilitation of any Underlying Insurer.

**The North River Insurance Company**
**A New Jersey Corporation**
**Home Office: Township of Morris, NJ**

(A Capital Stock Company)

SIGNATURE

Marc J. Adee
Chairman and CEO

SIGNATURE

James Kraus
Secretary

MI 07 002 01 15

**THIS ENDORSEMENT CHANGES THE POLICY, READ IT CAREFULLY.**

**To be attached to and form part of Policy No:**

**Effective Date of Endorsement:**

**Issued to:**

**Endorsement No:**

### RELIANCE ON ANOTHER INSURANCE COMPANY'S APPLICATION
**{FORMS: MP424.1(04/04), MP425.1(04/04), MP426.1 (04/04), MP427.1(04/04), MEO 100(08/08)}**

It is hereby agreed that the Insurance Company shown in the Declarations has put this policy in effect relying upon the accuracy of the information in the insurance application and all materials submitted therewith which was completed and signed by:

Name of signatory:   Sean Domnick

Title of signatory   Partner

Date of Signature:   11/29/2016   (MM/DD/YYYY)

For:   ProSight Specialty Insurance Company
(Name of Insurance Company whose application we are relying on.)

It is therefore agreed that the information in the above named application, including any representations or warranties made therein, and the materials submitted therewith, are deemed also to be made to the Insurance Company shown on the Declarations as if said application and materials attached thereto was completed directly for and in  the name of the Insurance Company shown in the Declarations..

All other terms, conditions and limitations of the policy remain unaltered.

_____
Authorized Representative

_____
Date

**THIS ENDORSEMENT CHANGES THE POLICY, READ IT CAREFULLY.**

**To be attached to and form part of Policy No:**          **Effective Date of Endorsement:**

**Issued to:**          **Endorsement No:**

**NON - FOLLOWING FORM OF SUBLIMITS IN PRIMARY POLICY
WITH PAID SUBLIMIT CLAIMS ERODING UNDERLYING LIMIT**

(A)   In consideration of the premium charged, it is hereby agreed that this policy shall not provide liability coverage excess of claims paid by the *Primary Insurer* under any provision in its policy where the Limit of Liability applicable to such claims is a Limit of Liability less than ("The Sub-Limit") the Limit of Liability shown for the *Primary Insurer* stated in Item 7. of the Declarations.

(B)   not withstanding Paragraph (A) above, payment of such Sub-limit claims by the *Primary Insurer* shall be deemed to deplete the *Underlying Insurance* as required by Section IV. of this policy.

All other terms, conditions and limitations of the policy remain unaltered.

_____
Authorized Representative                                              _____
                                                                                                        Date

LPL-EX-001 (01/13)

**THIS ENDORSEMENT CHANGES THE POLICY, READ IT CAREFULLY**.

**To be attached to and form part of Policy No:**          **Effective Date of Endorsement:**

**Issued to:**          **Endorsement No:**

---

### AMEND SECTION I - INSURING AGREEMENT AND
### SECTION IV - LIMITS OF LIABILITY

It is agreed that Section I., Insuring Agreements, is amended by deleting (2) in the first sentence and replacing it with the following revised (2):

  (2) only after all **Underlying Insurance** has been exhausted by payment of the underlying limit of Liability by each **Underlying Insurance**, or by the **Insureds**, for the Limit of Liability shown in the Schedule of **Underlying Insurance** in Item 7 of the Declaration, and

It is further agreed that the second and third paragraphs of Section IV. Limits of Liability, are deleted and replaced with the following two paragraphs:

  If the Limit of Liability of the **Underlying Insurance** is depleted solely as the result of actual payment of **Loss** by the applicable **Underlying Insurance**, or by the **Insured**, this policy shall, subject to the **Excess Insurer's** Limit of Liability and other terms of this policy, continue to apply as excess insurance over the remaining Limit of Liability of the **Underlying Insurance**.

  If the Limit of Liability of the **Underlying Insurance** is exhausted solely as a result of actual payment of **Loss** by the Underlying Insurer's, or by the **Insured**, this policy shall apply to **Claims** subject to the remaining Limit of Liability of this policy and in accordance with the definitions, terms, conditions, limitations, warranties, representations, exclusions and endorsements of the **Primary Policy** except as otherwise provided in the definitions, terms, conditions, limitations, warranties, representations, exclusions and endorsements contained in any **Underlying Insurance**, or herein.

All other terms, conditions and limitations of the policy remain unaltered.

_____          _____
Authorized Representative          Date

MP427.102  (01/11)

# IMPORTANT POLICYHOLDER NOTICE

As part of our value-added services to our Lawyers Professional Liability clients, The North River Insurance Company now offers you a pre-claim and risk mitigation consultation "Hotline" staffed by independent attorneys that specialize in the defense of lawyer professional liability claims

This "hotline" provides you access to seek advice prior to submitting a claim, or reporting of a circumstance that could give rise to a claim.  It will also serve as a resource to reduce the professional liability risks inherent to your day-to-day practice of law. Consultation with a "Hotline" attorney is on a confidential basis and can serve to properly manage any circumstance that may present a potential claim and liability.

Please call our dedicated toll free number Monday – Friday, between 8:30 AM – 5:00 PM (EST).  Calls placed during these business hours are returned within <u>one</u> business day.

## 888-959-CRUM (2786)

Thank you for choosing The North River Insurance Company.

IL P 001 01 04

# U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC") ADVISORY NOTICE TO POLICYHOLDERS

No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC. **Please read this Notice carefully.**

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

- Foreign agents;
- Front organizations;
- Terrorists;
- Terrorist organizations; and
- Narcotics traffickers;

as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site – http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.